I respectfully dissent from the majority opinion. I believe that the trial court's distribution of marital property was unreasonable. It allowed appellee to receive an additional $35,749.32 in marital assets and payments to offset the difference in the values of the pensions, and deprived appellant of the opportunity to benefit from any future growth of his marital interest in appellee's pension plan.
"[W]hen considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result; the trial court should attempt to preserve the pension or retirement asset in order that each party can procure the most benefit, and should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage." Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 179.
In the instant case, appellant requested that the pensions be divided equally by a QDRO so that appellee would receive one half of appellant's current monthly pension and appellant would receive his marital interest in appellee's pension, upon her retirement. Appellant was aware of the risk that his wife might chose to retire sooner rather than later; however, he was willing to assume that risk in order to have the opportunity to benefit from any growth in her pension plan. In the court's November 28, 2000 judgment entry it denied appellant's request for a QDRO, finding that it was "better to disentangle the parties since there [were] sufficient assets to distribute property equally."
The Supreme Court of Ohio has recognized that, due to the nature of divorce, "some effort should be made to disentangle the parties' economic affairs." Id at 183. "However, where circumstances permit, the trial court should attempt to ascertain the optimum value the pension or retirement benefit has to the parties as a couple, based upon the nature and terms of the plan. The trial court should structure a division which will best preserve the fund and procure the most benefit to each party." Id. Thus, disentangling the parties' economic affairs should not be the court's sole focus when dividing the marital property. Although the utilization of a QDRO to divide retirement funds may result in a greater entanglement of the economic partnership of the parties than if a more immediate distribution were ordered; "[i]t is, however, a good compromise when a more immediate distribution is not viable, because, once the [QDRO] is in place, the nonparticipant spouse can look directly to the pension fund for benefits rather than having to look to the participant spouse." Sprankle v. Sprankle (1993), 87 Ohio App.3d 129, 134.
In this case, the parties would have procured the most benefit from their pension plans by a QDRO dividing the pension plans. Appellant's request should have been granted regardless of the value of the pensions, since appellant was simply seeking one half of both plans at the time of division. Instead of issuing a QDRO, the court awarded appellant his pension plan, valued at $86,978.32, and awarded appellee her pension plan, value at $51, 228.98. To offset the $35,749.32 discrepancy in the values of the parties' pension plans, appellee was awarded additional marital assets and appellant was ordered to pay her $3,450. The trial court should have considered the benefits of each spouse's retirement plan in addition to their cash values when making its determination.
A retirement plan is an investment made by both spouses during marriage to provide for their later years with the expectation that the investment will increase in value over time. Layne v. Layne (1992),83 Ohio App.3d 559, 567. "At divorce, each spouse is entitled to the value of his or her investment." "When the investment has not yet matured, each is entitled to a right to its value at maturity in proportion to the years of marriage." Id. While the non-participant former spouse is not entitled to share in the direct contributions made by the participant former spouse after the divorce, he or she is entitled to the benefit of any increase in the value of his or her "unmatured proportionate share after divorce attributable to the continued participation of the other spouse in the retirement plan." Id. "So long as each former spouse is limited to his or her proportionate right to share, there is neither unjust enrichment of the nonparticipant nor an inequitable deprivation of his or her rights." Id. Accordingly, the trial court should have issued a QDRO dividing the parties' pensions thereby allowing appellant to benefit from any increase in the value of his unmatured proportionate share after divorce attributable to appellee's continued participation in the retirement plan.
Based on the aforementioned reasons, I respectfully dissent from the majority opinion and would reverse and remand the judgment of the trial court to order a QDRO as requested by appellant.